IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| DUALITE SALES & SERVICES INC., | : | Case No. 1:24-cv-479 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| | : | |
| ANTHOLOGIC, INC., et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants Anthologic, Inc., and Kevin Lentz's ("Moving Defendants") Motion to Dismiss (Doc. 6). Plaintiff filed a Response in Opposition (Doc. 8), to which Defendants filed a Reply in Support (Doc. 14). Thus, this matter is ripe for the Court's review. For the reasons below, Moving Defendants' Motion to Dismiss (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**.

### ALLEGED FACTS

Plaintiff Dualite Sales & Services Inc. is an Ohio corporation that manufactures custom signs. (Compl., Doc. 5, ¶¶ 1, 9.) Third Party National Automotive Parts Associations ("NAPA") uses Defendant Accomplish Results LLC (also known as "Flatout") as its program manager. (*Id*. at ¶¶ 3, 13.) In 2011, NAPA began requesting that Plaintiff manufacture custom signs for its stores. (*Id*. at ¶ 12.) The procedure for ordering signs began with NAPA's individual stores placing a purchase order with Defendant Flatout, who then issued the order to Plaintiff. (*Id*. at ¶ 13.) Upon receipt of the order,

Plaintiff designed, manufactured, and delivered the sign to the store. (*Id*. at ¶ 14.) NAPA then paid Defendant Flatout, who remitted that payment to Plaintiff. (*Id*. at ¶ 15.)

Around November 2021, Defendant Anthologic, Inc., ("Anthologic") acquired Defendant Flatout as a subsidiary. (Compl., Doc. 5, ¶ 19.) For two years after the acquisition, Defendant Flatout continued to pay Plaintiff under the same procedure. (*Id*. at ¶ 22.) During this period, Defendant Wayne Marshall was Fallout's president and Plaintiff's primary point of contact. (*Id*. at ¶ 32.) Beginning in 2023, however, Defendant Anthologic and Defendant Flatout began failing to pay Plaintiff for its services. (*Id*. at ¶ 23.) On December 19, 2023, Defendant Anthologic announced it was closing Defendant Flatout. (*Id*. at ¶ 26.) Then, on December 22, 2023, Defendant Kevin Lentz, an Iowa resident, and the founder, owner, and CEO of Defendant Anthologic, filed a Statement of Dissolution with the Iowa Secretary of State. (*Id*. at ¶ 27.)

## PROCEDURAL POSTURE

Plaintiff filed this action in the Court of Common Pleas of Clermont County, Ohio, on August 1, 2024. (Notice of Removal, Doc. 1, Pg. ID 5.) Plaintiff brings claims for breach of contract, unjust enrichment, fraudulent transfer, declaratory judgment, breach of fiduciary duty, and civil conspiracy. (*See* Compl., Doc. 5.) Defendants Anthologic, Flatout, and Lentz then removed the action to this Court on September 4, 2024. (Notice of Removal, Doc. 1.) On September 30, 2024, Moving Defendants filed their Motion to Dismiss for lack of jurisdiction and failure to state a claim. (Motion, Doc. 6.)

**LAW & ANALYSIS**

Moving Defendants argue that this Court lacks personal jurisdiction, and that Plaintiff failed to state a claim against them. (Memorandum, Doc. 7.) The Court will first consider whether it has personal jurisdiction over Moving Defendants.

I.     **Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal if a court lacks personal jurisdiction over a defendant. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quotation omitted). When, as here, the Court decides the motion on written submissions, it must consider the pleadings and affidavits "in a light most favorable to the plaintiff" and "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). In this context, Plaintiff need only make a prima facie showing that personal jurisdiction exists—a "relatively slight" burden. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).

Personal jurisdiction may be either general or specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General jurisdiction "extends to any and all claims brought against a defendant who is essentially at home in the [s]tate." *Id*. A defendant is at home in a state when it is his "place of domicile" or, for a corporation, its "place of incorporation and principal place of business." *Id*. at 358-59. In contrast, specific jurisdiction requires that the lawsuit "arise out of or relate to the defendant's contacts with the forum." *Id*. at 359. As Moving Defendants do not reside or have their principal

3

places of business in Ohio (*See* Compl., Doc. 5, ¶ 7), Plaintiff must show that this Court has specific jurisdiction over Moving Defendants.

"When sitting in diversity, a federal court may exercise [specific] personal jurisdiction only if a court of the forum state could do so." *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021) (citation omitted). "Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). Moving Defendants only argue that exercising personal jurisdiction over them would violate constitutional due process.

"The Due Process Clause of the Fourteenth Amendment constrains a [s]tate's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotations omitted). The nonresident "generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. (quotations omitted). Courts look to whether: (1) the defendant purposefully availed himself of the privilege of acting in the forum state, (2) the claim arose from the defendant's activities there, and (3) the defendant's actions had a substantial enough connection to the forum state to make exercising jurisdiction reasonable. *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023). The Court considers each in turn.

a. **Purposeful Availment**

"The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant *himself*

4

that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quotations omitted). This ensures that a defendant will not be subject to personal jurisdiction "solely as a result of random, fortuitous or attenuated contacts or of the unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up). A defendant need not have physical contacts with the forum state, however, as long as his efforts were purposefully directed towards the forum state. *Id*. at 476. "It is the quality of [the] contacts, and not their number or status, that determines whether they amount to purposeful availment." *CompuServe,* 89 F.3d at 1265 (citation omitted).

### i. Defendant Lentz

As an initial defense, Defendant Lentz argues that this Court does not have personal jurisdiction over him because of the fiduciary shield doctrine. (Memorandum, Doc. 7, Pg. ID 123.) "The fiduciary shield doctrine prevents individual officers of a corporation from being subject to personal jurisdiction in the forum state merely because the corporation is subject to such jurisdiction." *Commodigy OG Vegas Holdings LLC v. ADM Labs*, 417 F. Supp. 3d 912, 924 (N.D. Ohio 2019). This doctrine, however, is not absolute. *Id*. The fact that a defendant's actions connecting them to the forum state were performed in an official rather than a personal capacity does not preclude a court from exercising personal jurisdiction. *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000). Instead, when an out of state agent is "actively and personally involved

5

in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether [he] purposely availed [himself] of the forum and the reasonably foreseeable consequences of that availment." *Id*.

Plaintiff argues that Defendant Lentz was actively involved in the conduct giving rise to this case and that he purposefully availed himself of Ohio. (Response, Doc. 8, Pg. ID 138.) To show purposeful availment, Plaintiff points to an interaction where Defendant Lentz emailed a NAPA employee explaining that he would contact Plaintiff directly to speak about "major issues" with Defendant Flatout. (*Id*. at Pg. ID 138-39; Email, Doc. 5-1, Pg. ID 108.) Defendant Lentz then called Vern Wooten, Plaintiff's Vice President of Sales, who was in Williamsburg, Ohio, at the time of the call, to inform Plaintiff that Defendant Flatout would not be paying for its services. (Wooten Aff., Doc. 8-1, ¶¶ 15-16.) The combination of this email and phone call, however, are insufficient for Defendant Lentz to have purposefully availed himself as Defendant Lentz's contacts did not create a "substantial connection" with Ohio such that he can "reasonably anticipate being haled into court [here]." *SSFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014) (finding that the defendant's two phone calls with the plaintiff did not constitute purposeful availment); *see also Healthcare Capital, LLC v. HealthMed, Inc.*, 213 F. Supp. 2d 850, 860 (S.D. Ohio 2002) (finding that "numerous telephone calls, facsimiles and letters to [the plaintiff] in Ohio" were insufficient to constitute purposeful availment). Accordingly, purposeful availment does not exist; this Court lacks personal jurisdiction over Defendant Lentz, regardless of whether he was personally involved in the conduct

giving rise to this action.

### i. Defendant Anthologic

Defendant Anthologic also argues that it has not purposefully availed itself to this Court's jurisdiction. (Memorandum, Doc. 7, Pg. ID 122.) Defendant Anthologic specifically contends that, while it owns Defendant Flatout, which may have subjected itself to the forum's jurisdiction, personal jurisdiction over Defendant Anthologic must be established independently of Defendant Flatout's contacts. (*Id.*) A "company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998). Although, a Court may "exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)).

"In Ohio, the well-recognized general rule of successor liability provides that the purchaser of a corporation's assets is not liable for the debts and obligations of the seller corporation." *Opportunity Fund, LLC v. Epitome Sys.*, 912 F. Supp. 2d 531, 541 (S.D. Ohio 2012). There are four exceptions to this rule: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a *de facto* consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Id*. Plaintiff

argues that the first, second, and fourth exceptions apply to Defendant Anthologic. (Response, Doc. 8, Pg. ID 140-45.)

The Court will begin by analyzing the first exception. "An implied agreement to assume a predecessor's contractual liabilities can be established by showing that the successor has rendered performance in accordance with the predecessor's contract without any express contractual obligation to do so." *US Herbs, LLC v. Riverside Partners, LLC*, 711 Fed. App'x 321, 325 (6th Cir. 2017). Plaintiff claims that Defendant Anthologic implicitly took over Defendant Flatout's role as a project manager for NAPA. (Response, Doc. 8, Pg. ID 141.) In support, Plaintiff points to several facts. First, prior to Defendant Anthologic's acquisition of Defendant Flatout, Plaintiff would send its invoices to Defendant Flatout's home address. (Compl., Doc. 5, ¶ 35.) Following the acquisition, Defendant Flatout directed that invoices be sent to Defendant Anthologic's principal place of business. (*Id.*) Second, Plaintiff was instructed to communicate directly with Defendant Anthologic's employees regarding its business relationship with NAPA. (*Id.* at ¶ 36.) Last, Defendant Anthologic represented to NAPA that it would pay Plaintiff the funds provided by NAPA to fulfill the purchase orders placed by Defendant Flatout. (*Id.* at ¶ 37.)

Viewing this matter in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficient facts to show that Defendant Anthologic implicitly assumed Defendant Flatout's liabilities in its contract with NAPA. Accordingly, Plaintiff has satisfied an exception to successor liability. Moreover, since Plaintiff has sufficiently pled an exception to the successor liability rule, the Court need not examine the other

8

exceptions argued by Plaintiff. Thus, at this juncture, the Court finds that Defendant Anthologic has purposefully availed itself to suit in this Court.

### b. Arising Under

The Court next considers whether the cause of action arises from Defendant Anthologic's contacts with Ohio. This standard is "met when the operative facts are at least marginally related to the alleged contacts between the defendant and the forum." *Lyngaas v. Curaden Ag*, 992 F.3d 412, 423 (6th Cir. 2021) (quotation omitted). Put differently, this is a "lenient standard" that "does not require that the cause of action formally 'arise from' defendant's contacts with the forum." *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007).

Plaintiff's cause of action arises from Defendant Anthologic's contacts with Ohio. Plaintiff alleges that Defendant Anthologic acquired Defendant Flatout. (Compl., Doc. 5, ¶ 29.) Defendant Anthologic then implicitly took over Defendant Flatout's role as a project manager for NAPA. (*Id.* at ¶¶ 35-37.) Defendant Anthologic, as the alleged successor in interest, assured NAPA that they would pay Plaintiff, an Ohio company, for the services it provided. (*Id.* at ¶ 37.) Defendant Anthologic, though, never paid Plaintiff, allegedly breaching the contract. (*Id.* at ¶¶ 40, 46.) Thus, Defendant Anthologic's contacts with Ohio are related to the alleged conduct in this suit. *See Alta Analytics, Inc. Muuss*, 75 F. Supp. 2d 773, 779 (S.D. Ohio 1999) ("[I]f the cause of action is for breach of that contract [with an Ohio resident] . . . then the cause of action naturally arises from the defendant's activities in Ohio.").

9

### c. Reasonableness

Finally, the Court considers whether "the acts of the defendant or consequences caused by the defendant . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). When the preceding two conditions are met, as is the case here, it is "only the unusual case" in which the defendant presents a "compelling" reason that jurisdiction would be unreasonable. *Air Prod. & Controls*, 503 F.3d at 554 (quotation omitted); *Burger King Corp.*, 471 U.S. at 477. In making this determination, courts consider factors such as "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Air Prod. & Controls*, 503 F.3d at 554-55. Defendant Anthologic does not articulate any reason why litigating in this Court would be burdensome. Nor does it show why Plaintiff or the forum state would not have an interest in litigating the matter before this Court. Thus, the Court finds it reasonable to exercise jurisdiction over Defendant Anthologic.

\*   \*   \*

After examining the three factors, Plaintiff has met its burden to establish personal jurisdiction over Defendant Anthologic. The Court notes, however, that Plaintiff's prima facie showing is merely a threshold determination that personal jurisdiction exists. *Opportunity Fun, LLC*, 912 F. Supp. 2d at 545. Plaintiff is not relieved from "proving the facts upon which jurisdiction is based by a preponderance of the evidence" at trial. *Id.*

## II. Failure to State a Claim

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept all allegations of material fact as true and must construe such allegations in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Courts are not bound to do the same for a complaint's legal conclusions. *Id.* at 555.

Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal,* 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal,* 556 U.S. at 678.

### a. Defendant Lentz

Defendant Kevin Lentz argues that Plaintiff fails to state a claim against him because members of limited liability companies cannot be held personally liable for corporate debts or obligations. (Memorandum, Doc. 7, Pg. ID 127-28.) But, the Court has already determined that it lacks personal jurisdiction over Defendant Lentz. Thus, it declines to analyze his Rule 12(b)(6) argument.

11

### b. Defendant Anthologic

Defendant Anthologic also moves for dismissal by arguing that Plaintiff has failed to state a claim. (Memorandum, Doc. 7, Pg. ID 124-27.) Defendant Anthologic makes a similar argument as it did for its jurisdictional analysis: that Plaintiff has failed to plead sufficient facts to support a claim of successor liability. (*Id*. at Pg. ID 125.) As noted above, successor liability prevents the purchaser of a corporation's assets from being liable for the obligations of the selling corporation. *Opportunity Fund, LLC*, 912 F. Supp. 2d at 541. But, there is an exception to this rule when the buyer expressly assumes the obligations. *Id*. Since the Court has already established personal jurisdiction over Defendant Anthologic based on this exception and the facts presented in the Complaint, it also finds that Plaintiff has sufficiently pleaded this exception.

### c. Civil Conspiracy Against Moving Defendants

Lastly, Plaintiff makes a claim against all Defendants for civil conspiracy. (Compl., Doc. 5, ¶¶ 78-82.) As Moving Defendants note (Memorandum, Doc. 7, Pg. ID 124), "Ohio law does not recognize civil conspiracy as an independent cause of action." *Bender v. Logan*, 76 N.E.3d 336, 360 (Ohio. Ct. App. 2016). "Instead, it must be coupled with another independent cause of action." *Berridge v. McNamee*, 66 N.E.3d 1266, 1280 (Ohio App. Ct. 2016). Thus, "[a]n underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). Moving Defendants argue that since Plaintiff's breach of contract, unjust enrichment, and fraudulent transfer claims against them should fail, so should Plaintiff's civil conspiracy claim. (Memorandum, Doc. 7, Pg. ID 124.) Since Plaintiff's claims against Defendant Anthologic

12

survive the Motion, though, this argument fails.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Moving Defendants' Motion to Dismiss (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**;

2. All claims against Defendant Kevin Lentz are **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff's claims against Defendant Anthologic **SHALL PROCEED.**

    **IT IS SO ORDERED.**

                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF OHIO

                              By: _____
                                  JUDGE MATTHEW W. McFARLAND